IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | 1:09-cr-00271-AWI-1 |
| Plaintiff, | **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE** |
| v. | |
| **HERIBERTO SICARIOS-QUINTERO,** | (Doc. 86) |
| Defendant. | |

Defendant was convicted in a two count indictment of (1) manufacturing more than 1,000 plants of marijuana and aiding and abetting in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, and (2) carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924. Defendant is not a citizen of the United States. Defendant moves for reduction of sentence, alleging that the Bureau of Prisons ("BOP") classifies him differently and does not afford him the same benefits as United States Citizens convicted of the same offenses. The Court reads Defendant's motion to allege that, because of the Defendant's status as a deportable alien, the BOP denies him access to "certain programs of rehabilitation," denies him time credits, and houses him at Adams County Correctional Center, a private prison currently operated by Corrections Corporation of America contracted with the BOP to house federal inmates, which he describes as "Medium Security." Doc. 86. Defendant appears to allege that all of these consequences are based on his alienage and should be offset by a reduction in sentence. For the following reasons, Defendant's motion will be denied.

1

Defendant's motion is based, in whole, on *United States v. Restrepo*, 802 F.Supp. 781 (E.D. N.Y. 1992) *vacated by* 999 F.2d 640 (2nd Cir. 1993). The district court in *Restrepo* afforded the defendant a reduced sentence in light of his alienage, likely deportation after incarceration, ineligibility for housing in a minimum security facility, and ineligibility to serve the final 10% of his sentence in a program designed to acclimate him to society. *Restrepo*, 802 F.Supp. at 783, 788-791. The Second Circuit vacated the district court's finding, explaining that "the unavailability of preferred conditions of confinement, [] the possibility of an additional period of detention pending deportation following the … sentence, and [] the effect of deportation as … separation from family" are all inadequate bases to justify a downward departure. *Restrepo*, 999 F.2d at 644. In order for a district court to be permitted to downwardly depart based on a consideration not mentioned in the sentencing guidelines, it must conclude that "certain aspects of the case [are] unusual enough for it to fall outside the heartland of cases in the Guideline." *Koon v. United States*, 518 U.S. 81, 98 (1996). The Ninth Circuit has concluded that a defendant's alienage or immigration status are not considerations that fall outside of the heartland of the Guidelines related to drug offense, thus do not warrant downward departure. *United States v. Charry Cubillos*, 91 F.3d 1342, 1344-1345 (9th Cir. 1996); *see Alcazar v. United States*, 2014 WL 2938514, *5 (E.D. Cal. June 26, 2014).[1] Defendant's motion is without merit.

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

Dated:   February 5, 2016                    _____
                                              SENIOR  DISTRICT  JUDGE

---

[1] Even assuming that the Court should have considered Defendant's alienage in determining whether the grant a downward departure at sentencing, this Court is not now permitted to modify the original sentencing determination without authorization by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010); *see* 18 U.S.C. 3582(c).