# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff**<br>v.<br>**HERIBERTO SICAIROS-QUINTERO,**<br>**Defendant** | **CASE NO. 1:09-CR-271 AWI**<br><br>**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582**<br><br>(Doc. No. 93) |

Defendant Heriberto Sicairos-Quintero seeks a reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the federal sentencing guidelines.

*Background*

In December 2009, Defendant was tried before a jury and convicted of two counts, manufacturing marijuana and aiding and abetting (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2) and carrying a firearm during and in relation to a drug trafficking offense (18 U.S.C. § 924(c)(1)(A)). See Doc. Nos. 47, 84. As part of the verdict, the jury found that 1,000 or more marijuana plants were involved. See Doc. No. 47.

In July 2010, Judge Wanger sentenced Defendant to 120-months imprisonment for the marijuana offense and 60-months imprisonment for the firearm offense, with the two sentences to run concurrently. See Doc. No. 58.

On appeal, the Ninth Circuit reversed the part of the sentence than ran the two terms of imprisonment concurrently. See Doc. No. 42. Under then recent Supreme Court authority, the 60-month firearm sentence was required to run consecutively to the 120-month drug sentence. See id.

In November 5, 2012, pursuant to the Ninth Circuit's order, the undersigned resentenced Defendant to a total term of 180 months (120 months for the drug offense and 60 months for the firearm offense). See Doc. No. 84.

On April 13, 2015, Defendant filed a motion to reduce sentence under 18 U.S.C. § 3582. See Doc. No. 87. Pursuant to a standing order of this district and a stipulation from the parties, the matter was referred to the Federal Defenders Office. See Doc. No. 88. On May 19, 2015, Defendant voluntarily withdrew his § 3582 motion. See Doc. No. 90.

On October 28, 2019, Defendant filed this § 3582 motion and seeks a sentence reduction pursuant to Sentencing Commission Amendment 782. See Doc. No. 93. The motion appears to be a boiler-plate motion that does not actually address § 3582's application to Defendant's particular case. See id.

*Legal Framework*

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). Nevertheless, 18 U.S.C. § 3582(c)(2) creates a narrow exception to the general rule of sentencing finality by allowing courts to modify a sentence to give defendants "the benefit of later enacted adjustments to the judgments reflected in the [Sentencing] Guidelines." Dillon v. United States, 560 U.S. 817, 828 (2010); United States v. Mercado-Moreno, 869 F.3d 942, 948 (9th Cir. 2017). A court may reduce a sentence under 3582(c)(2) if: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such a reduction is consistent with the policy statements issued by the Sentencing Commission. Dhillon, 560 U.S. at 828; Mercado-Moreno, 869 F.3d at 949; United States v. Pleasant, 704 F.3d 808, 810 (9th Cir. 2013).

*Discussion*

After review, relief is not warranted. Where a sentence is based on a mandatory minimum sentence, the sentence is not "based on" the Sentencing Guideline ranges for purposes of § 3582(c)(2). Koons v. United States, 138 S.Ct. 1783, 1788. Here, Defendant was sentenced pursuant to a statutory minimum sentence. See Doc. No. 70 at 20:2-4 ("However, there is a mandatory 10-year minimum and that trumps anything that the Court can do under 3553 or under

the guidelines . . . ."). Because a 1,000 or more marijuana plants were involved in this offense, Defendant was subject to the mandatory 10-year minimum sentence mandated by 21 U.S.C. § 841(b)(1)(A)(vii). Because Defendant's sentence is based on the mandatory minimum sentence of § 841(b)(1)(A)(vii), the sentence is not "based on" the Sentencing Guidelines range and relief under § 3852(c)(2) is unavailable. Id. Therefore, Defendant's § 3582(c)(2) motion will be denied. See id.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (Doc. No. 93) is DENIED.

IT IS SO ORDERED.

Dated:  March 2, 2020

_____
SENIOR DISTRICT JUDGE