**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff** <br> **v.** <br> **HERIBERTO SICAIROS-QUINTERO,** <br> **Defendant** | **CASE NO. 1:09-CR-0271 AWI** <br><br> **ORDER ON MOTION FOR RECONSIDERATION** <br><br> (Doc. No. 97) |

Currently pending before the Court is Defendant Heriberto Sicairos-Quintero's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). <u>See</u> Doc. No. 97. Hearing on this motion is set for October 16, 2020. All briefing has now been received. For the reasons that following, the October 16 hearing will be vacated and Defendant's motion will be granted.

*Background*

Defendant was found guilty by a jury of violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, carrying a firearm during and in relation to a drug trafficking crime (marijuana). Following appeals, Defendant was eventually sentenced to a total term of 180 months in prison. On September 30, 2020, Defendant through the filed this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

*Parties' Arguments*

Defendant bases his motion on the criteria of United States Sentencing Guideline § 1B1.13. Defendant argues that his age (78), length of time served (132 months), length remaining on his sentence (21 months), and serious debilitating medical conditions (severe osteoarthritis in both knees {he uses a wheelchair}, out of control blood pressure, and myopia) justify a reduction in sentence to time served. Defendant argues that he is not a danger to the community and the relevant 18 U.S.C. § 3553 factors weigh in his favor. Upon release, Defendant states that he will live with family in either Los Angeles, California or Mexico.

1          The United States has a filed a notice of non-opposition.  The United States notes that
2  Defendant's age, amount of time served (over 10 years and over 75% of his sentence served), and
3  deteriorating health relating to the aging process, are sufficient circumstances to justify
4  compassionate release.  The United States also notes that, although the crime of conviction was
5  serious, Defendant is a non-violent offender with no other criminal record.  Further, the relevant
6  sentencing factors of 18 U.S.C. § 3553(a) do not counsel against a compassionate release.
7  However, the United States requests that Defendant be ordered to undergo a 14-day quarantine
8  period to prevent the spread of Covid-19.  Further, the United States notes that there is an ICE
9  detainer for Defendant.  Therefore, the United States requests that upon his release from BOP
10 custody, Defendant enter ICE custody.
11         In reply, Defendant argues that no quarantine period is necessary and that other Courts
12 release individuals pursuant to § 3582(c)(1)(A) without any requirement that they enter ICE
13 custody.  Further, Defendant argues that there is insufficient authority that would permit the Court
14 to issue such an order. Therefore, Defendant opposes the United States' requests.
15         *Discussion*
16         The parties do not dispute the substance of Defendant's motion.  No party disputes that
17 Defendant's age, sentence served, sentencing remaining, and debilitating and worsening age
18 related health problems justify relief under 18 U.S.C. § 3582(c)(1)(A) and USSG § 1B1.13.
19 Further, no party suggests that Defendant is a danger to the community or that the 18 U.S.C. §
20 3553 factors weigh against compassionate release.  After considering the briefing and the relevant
21 statutory considerations, the Court agrees with the parties and will grant Defendant's motion.
22         Apart from the substantive arguments, there are two administrative aspects of the motion
23 to which the parties cannot agree:  a quarantine period and ICE custody.
24         With respect to a quarantine period, the Court cannot find that a quarantine is warranted.
25 Defendant is currently housed at CI Reeves in Pecos, Texas.  The BOP website reveals that there
26 are no active cases of Covid-19 in Reeves.  Further, there is no indication that Defendant is
27 experiencing symptoms associated with Covid-19.  In the absence of some evidence that could
28 link Defendant with Covid-19, the Court will not order Defendant quarantined.

With respect to the ICE detainer, there appears to be no controlling authority on this point. Some district courts who grant § 3582 motions order that the defendant be released into the custody of ICE, while others do not.  Cf. United States v. Camacho-Duque, 2020 U.S. Dist. LEXIS 188532 (S.D. Fla. Oct. 5, 2020) with United States v. Villalobos-Gonzalez, 2020 U.S. Dist. LEXIS 141876 (W.D. Wash. Aug. 7, 2020).

The motion before the Court is whether Defendant should have his sentenced reduced through § 3582(c)(1)(A).  ICE detainer issues are not strictly part of the determination of whether the Court should grant compassionate release.  See United States v. Al-Jamail, 2020 U.S. Dist. LEXIS 83120, *22 (E.D. Mich. May12, 2020).  The Court does not downplay or minimize the importance of an ICE detainer against any individual.  However, how ICE chooses to handle Defendant's particular case is best left to ICE.  See id.  Therefore, the Court will order Defendant's release pursuant to § 3582 and order Defendant to cooperate with ICE with respect to the detainer.[1]  Under the circumstances of this case, the Court is satisfied that this course will address the concerns embodied within both the ICE detainer and § 3582.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The October 16, 2020 hearing is VACATED;
2. Defendant's motion for compassionate release (Doc. No. 97) is GRANTED;
3. Defendant's sentence is REDUCED to time served; and
4. Defendant shall cooperate with the Department of Immigration and Customs Enforcement with respect to the detainer that is in place against him.

IT IS SO ORDERED.

Dated:   October 13, 2020                                  _____
                                                          SENIOR  DISTRICT  JUDGE

---

[1] This does not mean that Defendant is precluded from pursuing any defenses or judicial or administrative remedies or requests that are possible with respect to the detainer.

3